The Memorandum Decision and Order below is hereby
signed.  Dated: August 25, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| METROPOLITAN COOPERATIVE | ) | Case No. 08-00527 |
| ASSOCIATION, | ) | (Chapter 11) |
| | ) | **Not for Publication in** |
| Debtor. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE MYNH'S MOTION
TO SHORTEN TIME FOR DEBTOR'S RESPONSES TO DISCOVERY

On August 6, 2008, the day after the filing of the petition commencing this case, M Y New Hampshire, LLC ("MYNH"), a creditor of the debtor, Metropolitan Cooperative Association ("MCA"), filed a motion seeking the appointment of a trustee.  That motion is set for hearing on September 3, 2008.  MYNH has also filed a motion seeking to shorten the time for the debtor MCA to respond to its request for production of documents, specifically, requesting that the debtor be ordered to produce documents by August 28, 2008.  MYNH's request for production of documents seeks:

> DOCUMENT REQUEST NO. 1: All Documents and Communications related in any way to the Property from January 1, 2005 through the present, including but not limited to all Books and Records, leases, subleases, assignments, mortgages, loan documents, easements,

ownership, management, by-laws, conveyances, disposition of assets, incurrence of debts or liabilities, use and occupancy agreements, and agreements of any kind.

DOCUMENT REQUEST NO. 2: All Documents and Communications evidencing the shareholders, Members and Tenants with respect to the Property from January 1, 2005 through the present.

DOCUMENT REQUEST NO. 3: All Documents and Communications evidencing the identity of the members of the Board of Directors for the Debtor from January 1, 2005 through the present.

DOCUMENT REQUEST NO. 4: All Documents and Communications relating to any and all fees, rents and/or assessments, revenue and income which the Debtor has received from its Members and or Tenants from January 1, 2005 through the present.

DOCUMENT REQUEST NO. 5: All Documents and Communications relating to any and all Expenditures made by the Debtor from January 1, 2005 through the present.

DOCUMENT REQUEST NO. 6: All Documents and Communications relating to payments made by the Debtor to The Adams National Bank and/or the Lender pursuant to the Loan from November, 2005 through the present.

DOCUMENT REQUEST NO. 7: All Documents and Communications relating to the Debtor's tax returns for 2005 through 2008.

The debtor responded to the motion by stating that:

8. . . . [T]he discovery is overly broad and burdensome, and therefore objectionable, on the following grounds, among others:
   a. The discovery seeks production of documents which pre-date the acquisition of the real property at issue here by MCA. The discovery seeks documents from January 1, 2005, onward; MCA did not acquire the property until November 2005.
   b. The sheer volume of documents required to comply with the request is burdensome, especially given the brevity of the time period within which the production is to be made.
9. Notwithstanding yet subject to the foregoing, MCA shall make every effort to comply as fully as circumstances permit to produce documents within its dominion, custody and control by the deadline sought by MYNH.

The motion to appoint a trustee raises allegations of misconduct in the debtor's operation of its business.  Accordingly, the discovery generally appears reasonably calculated to lead to the discovery of admissible evidence with respect to the pending motion to appoint a trustee.[1]  As to the debtor's first objection, to the extent that the discovery seeks documents which pre-date the acquisition of the real property at issue here by the debtor, the discovery, in effect, does not (to that extent) seek documents.

The debtor's second objection is that the sheer volume of documents requested is burdensome to comply with.  The requested documents, however, are the operational records of the debtor for the less than three years the debtor asserts it has been in business, and the motion to appoint a trustee rests on allegations of misconduct in the operation of the debtor's business.  The debtor does not contend that the documents are not readily at hand.  They may be voluminous, but the burden of going through the documents will, for the most part, be on MYNH, as the debtor should generally be aware of what is located in particular files without the necessity of examining each of those files.

---

[1]  I say "generally appears reasonably calculated" instead of "is reasonably calculated" not because I have spotted any category of documents as to which the discovery is not reasonably calculated to lead to the discovery of admissible evidence, but because the debtor has not had an opportunity to identify any such categories, if any such categories exist.

However, the request does cover almost three years of business records, and a myriad of types of documents, such that the request may involve a substantial volume.  In addition, MYNH has requested that the production occur in Baltimore instead of in Washington, D.C. where the debtor is located.  The debtor is entitled to insist that the examination of the documents take place at its business premises or at the office of its counsel, provided that the debtor makes arrangements for MYNH to obtain copies of requested documents at a reasonable charge, or, if MYNH prefers, permits MYNH to utilize portable photocopying equipment to make copies.

It is accordingly

ORDERED that the debtor shall produce the requested documents by close of business on August 28, 2008 (other than those to which it raises specific objection--such as attorney client privilege or that a specific category of documents is not reasonably calculated to lead to the discovery of admissible evidence--in a response to the request filed by the same deadline, but the court will not look favorably on assertions of frivolous objections).  It is further

ORDERED that the debtor may insist that the production of documents occur at its offices or at the offices of its counsel, and in that event, the examination and copying of documents shall occur at a time specified by MYNH commencing no sooner than the

start of business on August 28, 2008, with the debtor to make arrangements for MYNH to obtain copies of requested documents at a reasonable charge, or, if MYNH prefers, permit MYNH to utilize portable photocopying equipment to make copies.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Aryeh Stein, Esq.; Richard W. Luchs, Esq.; Office of United States Trustee.