The document below is hereby signed.

Signed: June 01, 2009.



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| METROPOLITAN COOPERATIVE | ) | Case No. 08-00527 |
| ASSOCIATION, | ) | (Chapter 11) |
| | ) | |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION (SUPPLEMENTING ORAL DECISION) AND
ORDER RE MOTION TO DISALLOW CLAIM OF M Y NEW HAMPSHIRE, LLC

The court held a hearing on the Motion of Metropolitan Cooperative Association to Disallow Claim of M Y New Hampshire, LLC. As recited at the hearing, the claim should be allowed in a substantial amount in excess of the allowed secured claim of M Y New Hampshire, LLC of $8,500,000, with the result that M Y New Hampshire, LLC has an allowed secured claim of $8,500,000 and an allowed unsecured claim in a substantial amount. The court further found that it is unnecessary to fix precisely the amount of the substantial allowed unsecured claim because, in exchange for that claim and for substantial capital contributions to the debtor, M Y New Hampshire, LLC is receiving, under the plan being confirmed, ownership of the debtor, whose assets (other than

certain causes of action of unascertained value being passed to members of the debtor) were worth less than the amounts of the allowed claims in the case other than M Y New Hampshire, LLC's allowed unsecured claim.  In other words, even disregarding M Y New Hampshire, LLC's allowed unsecured claim, there is no equity in the debtor's assets: there is no value of such assets in excess of allowed claims in the case, or even in excess of the value of the amounts being paid on those claims.  The debtor's members' interests, as the equity interests in the case, are junior to the interests of holders of claims that exceed the value of the estate's assets.  The plan properly provides that the debtor's members, as the holders of the equity interests in the case, are not entitled to receive or retain anything on account of their interests (other than certain causes of action that M Y New Hampshire, LLC consented to their receiving).  The precise amount of the substantial allowed unsecured claim of M Y New Hampshire, LLC, would thus not affect the outcome of the case, and the court cannot foresee the issue of that precise amount becoming pertinent at any juncture in this case.  It is thus

ORDERED that the claim of M Y New Hampshire, LLC, be and the same hereby is allowed in a substantial amount in excess of $8,500,000, with $8,500,000 of the claim constituting an allowed secured claim, and with the amount exceeding the $8,500,000

allowed secured claim constituting an allowed unsecured claim in a substantial amount.  It is further

ORDERED that the issue of fixing precisely the substantial amount of the allowed unsecured claim of M Y New Hampshire, LLC, is dismissed as moot, without prejudice to adjudication of the precise amount of the allowed unsecured claim should that ever become pertinent.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Aryeh Stein, Esq.; Richard W. Luchs, Esq.; Office of United States Trustee.