The document below is hereby signed.

Signed: June 30, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
METROPOLITAN COOPERATIVE           )   Case No. 08-00527
ASSOCIATION,                       )   (Chapter 11)
                                   )   **Not for Publication in**
              Debtor.              )   **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER RE MOTION FOR SANCTIONS

M Y New Hampshire, LLC ("MYNH") seeks sanctions under Fed. R. Civ. P. 37(d)(3) against the debtor ("Metropolitan") and its counsel, William C. Johnson, Jr. for failure of Metropolitan to appear for deposition through the individual it designated under Fed. R. Civ. P. 36(b)(2) to testify on its behalf.  Specifically, MYNH seeks an award against Metropolitan and Johnson of its expenses arising from the failure.  The motion will be granted in large part.

I

Johnson and Metropolitan have not disputed the basic facts set forth in MYNH's motion, and those facts are taken as admitted for purposes of this decision.  In addition, Johnson and Metropolitan have set forth specific facts that are pertinent to

this decision.

After consultation with Johnson, on April 28, 2009, MYNH properly served Metropolitan with MYNH's Notice of Deposition relating to the litigation of a pending contested matter. Thereafter, on April 29, 2009, MYNH properly served Metropolitan with MYNH's Amended Notice of Deposition, scheduling the deposition of Metropolitan's Rule 30(b)(6) designee for May 14, 2009, at 10:00 a.m.

On May 11, 2009, Johnson confirmed to MYNH's counsel via email correspondence that Metropolitan's designee would be Lawana Brown and that Brown would appear for the deposition on May 14, 2009, at 10:00 a.m.  In reliance upon the agreement for scheduling, and the representations made by Metropolitan's counsel that Metropolitan's designee would appear for deposition on May 14, 2009, at 10:00 a.m., MYNH and its counsel undertook preparation for the deposition.  Similarly, MYNH and its counsel made appropriate arrangements for coordinating the deposition to take place in Washington D.C. and for a court reporter to transcribe the testimony of Metropolitan's Rule 30(b)(6) designee witness.

Johnson and Metropolitan state:

> On the eve of the deposition, debtor's counsel was informed by the 30(b)(6) designee that she may not be able to attend the deposition due to her employment. Debtor's counsel informed her that she was obligated to attend and to inform her employer of this obligation. Ms. Brown informed debtor's counsel that she would call

> him later that evening with a definitive answer as to her attendance.
>
> Debtor's counsel informed Reginald Richter to be certain that he was in attendance in the event Ms. Brown did not attend the deposition because it would serve as a basis for a sanctions violations and that creditor's counsel will go to untold lengths to make this appear as if debtor's counsel purposefully violated the rules.

Opposition to Motion at 2. Despite Johnson being aware that Brown might be unable to attend, depending on the outcome of discussions with her employer, and having alerted Richter to be sure to attend the deposition because Johnson (mistakenly) thought that Richter's appearing would prevent an award of sanctions if Brown did not attend the deposition, Johnson did not communicate to MYNH's counsel by telephone or e-mail that Brown might not appear.[1]

Once Brown told Johnson on the evening of May 13, 2009, that she would not attend the deposition the next day, Johnson neglected to e-mail MYNH's attorneys (or otherwise attempt to contact them) to alert them that Brown would not appear. Johnson has claimed that he did not contact MYNH's counsel on May

---

[1] In MYNH's reply to the opposition to its motion, MYNH attaches a portion of Brown's later deposition in which she concedes that on May 11, 2009, four days before the deposition, she told Johnson that she might not be able to attend the deposition. But Johnson and Metropolitan have not had an opportunity to respond to the reply, and I am not relying on Brown's deposition in deciding this matter because MYNH is entitled to sanctions, and the extent of sanctions awarded would not be different even if Brown's deposition testimony were taken into account.

13, 2009, because he does not "believe in calling opposing counsel after hours, particularly after 10:00 p.m." See Motion Exhibit E. This attempt to justify not contacting MYNH's counsel prior to the scheduled start time of the deposition is unfounded and is belied by the circumstances and prior communications by Johnson in this case. Johnson's last communication to Nussbaum on these matters prior to the deposition was sent by Johnson via e-mail at midnight, Sunday, May 10, 2009.

As a result of Johnson's failure to alert MYNH's counsel that Brown would not appear, representatives from MYNH, MYNH's counsel and a court reporter assembled prior to the scheduled deposition time of 10:00 a.m. on May 14, 2009, awaiting Brown's appearance to commence the deposition. At 9:55 a.m., five minutes prior to the scheduled start of the deposition, Richter, who was on his way to the deposition, telephoned MYNH's counsel, Paul Nussbaum, and in that conversation advised Nussbaum that Metropolitan's designated witness, Brown, would not be appearing for the deposition. Richter subsequently appeared in the office of MYNH's counsel, and the court reporter proceeded to record a discussion between Richter and Nussbaum. Richter is an attorney but was not at that juncture counsel for Metropolitan in this case (and he confirmed on the record that he continued not to be counsel for Metropolitan). Richter advised that he was appearing on behalf of Johnson to advise that Brown would not be appearing

and to offer an alternative deposition date of May 20, 2009.

Following the deposition, MYNH's counsel, Nussbaum, wrote to Johnson to advise that the failure of Metropolitan, through its Rule 30(b)(6) designee, to appear for the duly scheduled and confirmed deposition without any prior notice was a violation of the Federal Rules of Civil Procedure and that it was appropriate and necessary for Metropolitan and Johnson to defray the fees and costs of MYNH for the sanctionable event.  Nussbaum also sought to resolve this dispute pursuant to the Rules in order to avoid further fees and costs that would arise from having to file an appropriate motion for sanctions under the Rules.  Johnson rejected MYNH's offer to resolve the dispute.

II

MYNH is entitled to sanctions pursuant to Fed. R. Civ. P. 37, made applicable by Fed. R. Bankr. P. 7037.  Fed R. Civ. P. 37(d) provides that a court may, on motion, order sanctions if "a party or party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition."  Fed. R. Civ. P. 37(d)(1)(A). Fed. R. Civ. P. 37(d)(3) further provides:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).  Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the

> failure was substantially justified or other
> circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3). The failure to appear was not substantially justified, and thus an award of reasonable expenses caused by the failure is mandatory.

Brown was aware that she might not be able to attend the deposition on May 14, 2009, and communicated that to Johnson, who, acting as Metropolitan's counsel, neglected to advise MYNH's counsel that Brown might not be able to attend even though he alerted Richter that Brown might not attend. Then, despite learning the evening before that Brown definitely would not be appearing for the deposition on May 14, 2009, Johnson failed to call, e-mail or make any effort whatsoever to notify MYNH's counsel that Metropolitan's Rule 30(b)(6) designee would not be appearing for the scheduled deposition. Only five minutes before the scheduled deposition time did MYNH's attorneys learn from Richter, who was on his way to the deposition, that Brown would not be appearing for deposition. Johnson and Metropolitan have offered nothing that would make the failure to appear "substantially justified" within the meaning of Rule 37(d)(3).

Indeed, even if, as Johnson and Metropolitan erroneously contend, egregiousness is required before Rule 37(d)(3) sanctions may be imposed, this is an egregious case. As aptly stated by MYNH:

> There is no excuse for the failure of an attorney to

6

>    immediately notify opposing counsel that a previously
>    scheduled and confirmed deposition will not be taking
>    place, especially when the attorney is well-aware that
>    opposing counsel will be traveling a considerable
>    distance to attend the deposition and that a court
>    reporter will be in attendance.  It is this unexcused
>    "failure-to-notify" even more so than Ms. Brown's
>    "failure-to-appear," that caused harm to MYNH.

MYNH's Reply Memorandum at 4.

    This failure unnecessarily put MYNH to expenses, including both attorney's fees for attending the deposition (including traveling to and setting up for the deposition) and the cost of a court reporter.  In addition, MYNH's attorneys prepared for the deposition, and to the extent that such preparation time turned out to be wasted because it had to be repeated later, reasonable fees for such time should be recoverable.  The deposition, with Brown in attendance, was finally held six days later on May 20, 2009, and because of the short passage of time, much of the original preparation time was undoubtedly not wasted, and attorney's fees for such time ought not be recoverable.  But there would be some reasonable amount of time required to prepare anew.  Reasonable attorney's fees for time spent preparing for the May 14, 2009, deposition that reasonably had to be repeated anew is another item of expense that should be recoverable.

    Despite a request by Nussbaum that Johnson and Metropolitan pay the expenses recoverable under Rule 30(b)(6) without the necessity of the expense of a motion being filed, Johnson and Metropolitan refused that request, thus necessitating the

sanctions motion.  MYNH is thus additionally entitled to recover the attorney's fees and expenses associated with the pursuit of the motion.

                                III

MYNH contends that courts may award costs and fees associated with a party's failure to appear at a deposition, as well as costs associated with any future rescheduled deposition, citing *Myrdal v. District of Columbia*, 248 F.R.D. 315 (D.D.C. 2008).  But *Myrdal* is readily distinguished.

There, the court had entered an order compelling the defendant to appear for deposition under Rule 30(b)(6), followed by the defendant's failure to designate a Rule 30(b)(6) witness other than a witness who had no knowledge regarding nineteen of the twenty topics that were to be covered at the deposition.  The sanction of requiring the defendant to pay for the costs and fees associated with subsequent Rule 30(b)(6) depositions was imposed as a sanction for violating the court's order compelling the defendant to submit to deposition under Rule 30(b)(6) as well as for its failure to comply with its Rule 30(b)(6) obligations, and in lieu of the more draconian sanction of decreeing certain designated facts to be taken as established.

In this case, MYNH does not point to any prior order compelling discovery, and Brown appeared on May 20, 2009, for deposition, only six days after the originally scheduled date.

This is not an appropriate case for imposing the costs associated with the deposition held on May 20, 2009. As already noted, however, reasonable attorney's fees for time spent preparing for the May 14, 2009, deposition that reasonably had to be repeated anew in preparing for the May 20, 2009, deposition is another item of expense that should be recoverable.

IV

In light of the foregoing, it is

ORDERED that MYNH shall recover from Metropolitan and its counsel, Johnson, the reasonable expenses incurred by reason of the failure of the debtor through its designee to attend the properly noticed deposition on May 14, 2009, including reasonable attorney's fees incurred, such as fees for (1) attending the deposition, (2) preparing for the deposition (to the extent that such preparation reasonably had to be repeated for the deposition when held later on May 20, 2009), and (3) the pursuit of the motion for sanctions. It is further

ORDERED that MYNH's request to recover the expenses incurred in connection with the subsequent Rule 30(b)(6) deposition held on May 20, 2009, is DENIED. It is further

ORDERED that MYNH file a Statement of Expenses within 21 days after the date of entry of this order, setting forth the reasonable expenses it asserts are recoverable, and that the

Statement shall provide sufficient detail to establish the reasonableness of the expenses.  It is further

ORDERED that within 21 days after the filing of the Statement of Expenses, Metropolitan and Johnson may file an objection to the Statement of Expenses, and if no objection is filed, the court may elect to grant the requested recovery of expenses without a hearing.  It is further

ORDERED that the parties shall confer to attempt to resolve without a hearing the matter of the amount of reasonable expenses to be awarded, with MYNH to initiate discussions with Johnson no later than 7 days after filing its Statement of Expenses.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Office of United States Trustee; Paul M. Nussbaum, Esq.; Brent C. Strickland, Esq.; Aryeh E. Stein, Esq.