The document below is hereby signed.

Signed: August 05, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| METROPOLITAN COOPERATIVE | ) | Case No. 08-00527 |
| ASSOCIATION, | ) | (Chapter 11) |
| | ) | **Not for Publication in** |
| Debtor. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE MOTION TO
RECONSIDER MEMORANDUM DECISION AND ORDER RE MOTION FOR SANCTIONS

William C. Johnson, Jr. seeks reconsideration of this court's prior Memorandum Decision and Order re Motion for Sanctions, addressing a motion filed by M Y New Hampshire, LLC ("MYNH") for sanctions based on the failure of the debtor ("Metropolitan") to appear for deposition through the individual it designated under Fed. R. Civ. P. 36(b)(2) to testify on its behalf.  Johnson's motion will be denied.

Johnson stated in his opposition to MYNH's motion that:

> On the eve of the deposition, debtor's counsel was informed by the 30(b)(6) designee that she may not be able to attend the deposition due to her employment. Debtor's counsel informed her that she was obligated to attend and to inform her employer of this obligation. Ms. Brown informed debtor's counsel that she would call him later that evening with a definitive answer as to her attendance.

> Debtor's counsel informed Reginald Richter to be certain that he was in attendance in the event Ms. Brown did not attend the deposition because it would serve as a basis for a sanctions violations and that creditor's counsel will go to untold lengths to make this appear as if debtor's counsel purposefully violated the rules.

Opp. to Motion at 2.  In the prior Memorandum Decision and Order, at p. 3, the court observed that:

> Despite Johnson being aware that Brown might be unable to attend, depending on the outcome of discussions with her employer, and having alerted Richter to be sure to attend the deposition because Johnson (mistakenly) thought that Richter's appearing would prevent an award of sanctions if Brown did not attend the deposition, Johnson did not communicate to MYNH's counsel by telephone or e-mail that Brown might not appear.

Johnson's motion for reconsideration focuses on the court's Memorandum Decision and Order having treated Johnson as though he had been definitively told that Brown would not appear. Johnson's opposition to MYNH's motion, however, stated that Brown told him that "she would call him later that evening with a definitive answer as to her attendance," and Johnson does not contend that Brown called him to tell him that she would attend.[1]

---

[1] It is puzzling that Johnson does not state whether Brown called him later to provide him with a definitive answer regarding her attendance.  If Brown called Johnson to confirm that she would not appear due to her employment, that would strengthen the case for imposing sanctions against Johnson.  In an effort to minimize the fees already being imposed against Johnson (which imposition of fees is warranted even if Johnson did not definitively learn that Brown would not attend the deposition), I will not hold a hearing to ascertain whether Johnson definitively learned that Brown would not appear for the deposition.

Johnson later confirmed in an e-mail to MYNH's counsel that:

> Ms. Brown contacted me on the eve of the depositiion [sic] and informed me of her inability to attend. While I would have preferred that she attend the deposition, it was unavaoidable [sic]. I informed her that Mr. Richter would be present anyway to avoid the very claims that you are making.

Based on the foregoing communication, it is obvious that Johnson, after speaking with Brown, thought that Brown planned not to attend unless she changed her mind (for example, after contacting her employer). Johnson should have let MYNH's counsel know that Brown had advised him that she was unable to attend due to her employment, and that he (Johnson) had told Brown to talk to her employer, but that he did not yet have any definitive answer (promised by Brown to be conveyed later that evening) as to whether she had changed her mind and decided to attend. Johnson's failure to alert MYNH's counsel in that regard is a sufficient basis for sanctions even if Johnson still thought there was some possibility that Brown would change her mind and decide to appear.

    The court inferred in the prior Memorandum Decision and Order that Johnson learned the evening before that Brown definitely would not be appearing for the deposition on May 14, 2009, based on Johnson's later e-mail in which he stated that "Ms. Brown contacted me on the eve of the depositiion [sic] and informed me of her inability to attend." Even if Johnson did not learn definitively that Brown would not appear, and the court's

3

inference was unwarranted, it is clear that Johnson knew that Brown's intention was not to appear unless swayed to change her mind. Likewise, by the end of the evening, Johnson was aware that Brown had not communicated to him any change with respect to her intention not to attend the deposition.[2] Johnson should have informed MYNH's counsel that Brown's stated intention was not to appear due to her employment unless she communicated a change of mind by the end of the evening, and that he would alert MYNH's counsel of what he heard from Brown as to whether she would appear. Once he did not hear from Brown by the end of the evening, Johnson should have told MYNH's counsel that, not having heard from Brown, he had to assume that she intended not to appear due to her employment, and he should have likewise suggested a rescheduling of the deposition in order that MYNH would avoid the expense of attending the deposition. Johnson's failure to do so unnecessarily put MYNH to expenses, including both attorney's fees for attending the deposition (including traveling to and setting up for the deposition) and the cost of a

---

[2] Johnson offers no explanation for how Richter, the attorney who appeared at the deposition, and who called MYNH's attorneys beforehand and advised that Brown would not be appearing, knew that Brown was not going to appear. If Richter knew that Brown was not going to appear, Johnson has offered no reason why he, Johnson, did not also definitively know that Brown was not going to appear. But I need not rely on that lack of explanation in imposing sanctions against Johnson. Sanctions are appropriate even if he did not definitively know that Brown would not appear.

court reporter.

However, Johnson's conduct was not responsible for MYNH's attorneys having prepared for the deposition prior to the evening before the deposition, and any fees relating to preparation that occurred before that evening and that turned out to be wasted because it had to be repeated later ought not be recoverable from Johnson, and the prior Memorandum Decision and Order is amended accordingly.[3]  It is thus

ORDERED that Johnson's Motion [Dkt. No. 278] for Reconsideration of the Court's Order Dated June 30, 2009 Granting the Creditor MYNH Motion for Sanctions is DENIED, but the Memorandum Decision and Order is amended in accordance with the foregoing paragraph, and it is further

ORDERED that MYNH shall be reimbursed by William C. Johnson, Jr. for the reasonable costs, fees and expenses incurred by MYNH with respect to Johnson's Motion for Reconsideration, and it is further

ORDERED that MYNH shall file a supplemental Statement of Expenses outlining its reasonable costs, fees and expenses incurred within ten (10) days from the entry of this Order, and

---

[3] This is not an issue addressed by Johnson's Motion for Reconsideration, and, accordingly, attorney's fees were not incurred by MYNH with respect to this issue.  In other words, the attorney's fees that MYNH did incur were incurred with respect to successfully rebutting grounds that Johnson did raise.  Those fees arose by reason of Johnson's inappropriate conduct, and thus warrant awarding the fees under Rule 37.

that Johnson may file an objection thereto within 14 days after the filing of the same.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Office of United States Trustee; Paul M. Nussbaum, Esq.; Brent C. Strickland, Esq.; Aryeh E. Stein, Esq.