The document below is hereby signed.

Signed: October 06, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| METROPOLITAN COOPERATIVE | ) | Case No. 08-00527 |
| ASSOCIATION, | ) | (Chapter 11) |
| | ) | **Not for Publication in** |
| Debtor. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE
MOTION TO ENLARGE TIME TO FILE NOTICE OF APPEAL

William C. Johnson, Jr. has moved for leave to file out of time a notice of appeal concerning two interlocutory rulings. The motion will be denied.

The two interlocutory rulings decreed that M Y New Hampshire, LLC ("MYNH") is entitled to recover a monetary award against Johnson for sanctions based on the failure of Johnson to notify MYNH's counsel that Johnson's client, the debtor ("Metropolitan"), would not appear for deposition through the individual it designated under Fed. R. Civ. P. 36(b)(2) to testify on its behalf.

Johnson filed a notice of appeal on August 18, 2009, from the two rulings:

- the Memorandum Decision and Order re Motion for

>     Sanctions (Dkt. No. 274), and
>
> - the Memorandum Decision and Order (Dkt. No. 297) denying Johnson's motion (Dkt. No. 278) seeking reconsideration of the first ruling.

These two rulings regarding sanctions are both non-final orders, reviewable if at all via an interlocutory appeal, because the court has not yet fixed the amount of sanctions to be awarded. The term "final decision" means a decision that "'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'" *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994), and *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (both quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). *See Deloach v. Delchamps, Inc.*, 897 F.2d 815, 826 (5th Cir. 1990) ("Because a judgment is not final until both liability and damages are determined, a judgment awarding an unspecified amount of attorney's fees is interlocutory in nature."). *Cf.* Fed. R. Civ. P. 54(b), made applicable by Fed. R. Bankr. P. 9014 and 7054. The rulings here did not fix the amount of money due MYNH or a formula by which that amount could be computed in mechanical fashion, and thus were not final judgments. *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227 (1958). Accordingly, the two rulings did not end the contested matter as to any of the claims addressed, and Johnson will have an adequate opportunity to

appeal from a final order adjudicating the amount of sanctions to be awarded.

On August 30, 2009, Johnson filed his motion (Dkt. No. 317) seeking leave to file out of time the notice of appeal from the two interim rulings.  That motion will be denied.

I

The motion will be denied as unnecessary with respect to the court's initial ruling.  Because the court's order was not set forth on a separate document, the order would not be deemed to have been entered for appeal purposes until 150 days after entry of the ruling on the docket.  *See* Fed. R. Bankr. P. 9021 and Fed. R. Civ. P. 58(b)(2)(B).  The time to appeal the initial ruling was not shortened by the court's entry of the second ruling, an order (appealable within 10 days of entry) denying Johnson's motion to reconsider.  *See ABF Capital Corp. v. Osley*, 414 F.3d 1061, 1064-65 (9th Cir. 2005).  Accordingly, the notice of appeal from the initial ruling is timely.

II

The motion to enlarge time presents as well an issue of whether the notice of appeal was timely as to the court's second ruling (the order denying the motion to reconsider).  Ultimately, however, that issue is academic.

A.

The notice of appeal arguably was untimely.  The motion to reconsider the court's first ruling was filed within 10 days after the clerk's docketing of that first ruling, and would be treated as a motion under Fed. R. Civ. P. even though filed in advance of the date on which the order sought to be revised will be deemed to have been "entered."[1]  By reason of Fed. R. Civ. P. 58(a)(4) (made applicable by Fed. R. Bankr. P. 9021), the second ruling (which denied the motion for reconsideration) was deemed "entered" for purposes of the Federal Rules of Bankruptcy Procedure when the clerk entered the ruling on the docket, without the necessity of the ruling being set forth on a separate document.  Once an order is "entered," the 10-day period for appeal of that order begins to run.  Fed. R. Bankr. P. 8002(a).  If Johnson wanted to pursue an interlocutory appeal of the order denying the motion for reconsideration, then under this view the appeal was untimely.

---

[1] It could be argued that until the earlier ruling is deemed to have been "entered," the Rule 59 motion was premature, see *ABF Capital Corp. v. Osley*, 414 F.3d at 1064-65, and that the motion did not ripen into a Rule 59 motion, and the order denying it did not ripen into an order denying a Rule 59 motion, until the initial ruling is deemed "entered."  But Rule 59 does not forbid the filing of such a motion before the judgment sought to be revised is deemed to have been "entered" under Rule 58(c).  Treating the Rule 59 motion as "premature" just means that it was filed before the 10-day deadline for filing the motion began to run.  It does not mean the motion was not a Rule 59 motion from the get-go.

4

It might be argued, however, that an appeal of an order denying a motion to reconsider an earlier order, as in this case, is not ripe until the earlier order has been entered on a separate document or entered by passage of time pursuant to the 150-day rule of Fed. R. Civ. P. 58(b)(2)(B). *See Med. Supply Chain, Inc. v. Neoforma, Inc.*, 508 F.3d 572, 575 (10th Cir. 2007). This makes sense when a final judgment disposing of the litigation is required before an appeal can be prosecuted, and the initial judgment (which would constitute a final judgment upon being entered) has not yet been "entered" under Rule 58(c). In that circumstance, there is nothing to be appealed until the initial judgment is entered as the final judgment. Stated differently, the final judgment, once entered, could be deemed to have subsumed all prior orders entered in the matter, such that the prior orders that were entered are not ripe for an appeal until the final judgment is entered.

But the orders at issue here are both interlocutory orders, and no finality was required for Johnson to pursue an interlocutory appeal of the second ruling, the order denying his motion to reconsider. That order was ripe for an interlocutory appeal once it was entered. Moreover, Rule 8002 treats appeal of the initial judgment as distinct from appeal of the order denying a Rule 59 motion: Rule 8002 provides in relevant part that "[a]ppellate review of an order disposing of [a Rule 59 motion]

requires the party, in compliance with Rule 8001, to amend a previously filed notice of appeal." It bears repeating that once a final judgment fixing the amount of fees to be recovered from Johnson is entered, Johnson can appeal that final judgment and raise on appeal any error in the court's second ruling (the interlocutory order denying his motion for reconsideration).

B.

But I need not decide whether the appeal of the second ruling was untimely. The issue of timeliness will be one for the District Court, but whatever the District Court decides will not affect the outcome of the motion for an enlargement of time to appeal the second ruling. If the notice of appeal was timely as to the second ruling, the motion to enlarge time is unnecessary. If, instead, the notice of appeal was untimely as to the second ruling, an enlargement of time would gain Johnson nothing that he has not already gained by reason of the timeliness of his notice of appeal from the initial ruling.

Treating the notice of appeal from the initial ruling as timely moots the issue of leave to appeal the second ruling (denying the motion for reconsideration) because, in appealing the initial ruling, Johnson will be free to advance all of the arguments he raised in support of his motion for reconsideration. His motion for reconsideration did not advance any new argument or present new evidence, and, instead, attempted to convince this

court that there was error in the court's initial ruling.

Accordingly, I will deny the motion to enlarge time as unnecessary, either because the appeal is timely, or, if the appeal was untimely, because the timely appeal of the first ruling would allow Johnson to advance all of the arguments he raised in support of the motion to reconsider that was the subject of the second ruling.

                                III

Even if (1) the appeal of the second ruling is untimely and (2) an appeal of the second ruling were necessary in order to raise on appeal the arguments rejected by the second ruling, the motion will be denied as to the appeal of the second ruling because Johnson has not demonstrated that there is excusable neglect warranting granting leave to pursue an interlocutory appeal out of time.  (This applies as well to the appeal of the first ruling if I am wrong--in part I, above--in treating the notice of appeal as timely as to the first ruling.)

In deciding whether to permit an appeal out of time, based on excusable neglect, the prejudice to the parties and to the court is an important consideration. *See Pincay v. Andrews*, 389 F.3d 853, 855, 859 (9th Cir. 2004) (en banc) (in deciding whether to find excusable neglect, court may consider the likelihood of injustice if the appeal is not allowed).  Here, there will be no prejudice to Johnson as he can appeal once the court enters a

final order fixing the amount of damages.  The court has set a hearing to fix the amount of damages, and that should lead to entry of a final appealable judgment long before the district court addresses whether to allow an interlocutory appeal and, if an interlocutory appeal were allowed, a record for purposes of the interlocutory appeal is designated and transmitted to the district court.

In any event, an interlocutory appeal would result in piecemeal adjudication of the dispute, and it is highly unlikely that the district court would exercise its discretion to grant leave to pursue an interlocutory appeal.  In this regard, Johnson does not proffer any reason why the district court ought to allow an interlocutory appeal: indeed, he mistakenly views the rulings he seeks to appeal as being final orders.

Johnson has shown no prejudice that would result to him from a denial of leave to appeal out of time, and although under *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), there are other factors that bear on the issue of excusable neglect, they are outweighed in the circumstances of this case by the lack of any prejudice to Johnson.

Johnson makes a conclusory proffer that he was too ill to file a timely notice of interlocutory appeal.  Taking time for the trial and adjudication of that issue would be pointless and wasteful if Johnson would gain nothing by being allowed out of

8

time to take an interlocutory appeal.

## IV

An order follows denying Johnson's motion.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Office of United States Trustee; Paul M. Nussbaum, Esq.; Brent C. Strickland, Esq.; Aryeh E. Stein, Esq.; Nelson Cohen.